NATE A. GARHART (CA Bar No. 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (CA Bar No. 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (CA Bar No. 281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH AIRWAYS PLC, a United Kingdom Corporation, HOTELS COMBINED LLC, an Australian Corporation, SWISS INTERNATIONAL AIR LINES LTD., a Switzerland Corporation d/b/a SWISS, TRAVIX TRAVEL USA INC., a Georgia Corporation, VISITUSA LLC, a Utah Limited Liability Company, and DOES 1-100,<br><br>Defendants. | Case No.: 15-cv-01341<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

The Wave Studio, LLC ("Plaintiff"), by its attorneys, Cobalt LLP, for its complaint against British Airways PLC ("British Airways"), Hotels Combined LLC ("Hotels Combined"), Swiss International Air Lines Ltd. dba Swiss ("Swiss"), Travix Travel USA Inc. ("Travix"), VisitUSA LLC ("VisitUSA"), and Does 1-100 (collectively "Defendants") alleges as follows:

/ / /

/ / /

**NATURE OF THIS ACTION**

1. Plaintiff is the copyright owner of photographic works created by one of its members, Junior Lee. Ms. Lee is a Malaysian photographer who uses her pictures to create distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide. This is an action for copyright infringement arising out of Defendants' unauthorized reproduction, display, distribution, publication, and utilization of several of Plaintiff's photographs in connection with Defendants' promotion and sale of hotel and travel bookings on websites accessed across the United States.

2. Ms. Lee is contracted either by hotel management companies and promotional agencies or by hotel and travel locations directly to photograph elite hotel properties and destination locales and to create marketing and promotional materials featuring her photographs. However, per the express terms of her contract with such agencies, Plaintiff retains sole and exclusive ownership of all right, title, and interest in and to the underlying photos, as well as the sole and exclusive right to license, distribute, and use the photographs for any and all other purposes.

3. As set forth in more detail below, Defendants have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs without authorization for their own financial gain, including but not limited to, using Plaintiff's photographs in articles, photo galleries, and promotional materials, all of which are generating traffic to and revenue for Defendants and their businesses. By virtue of this action, Plaintiff should be awarded the appropriate injunctive relief and monetary damages to remedy and redress Defendants' rampant, willful, and continued misuse of Plaintiff's copyrighted photographs.

**JURISDICTION AND VENUE**

4. This Complaint alleges causes of action under the copyright laws of the United States, Title 17 of the United States Code.

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims against Defendants arise under Title 17 of the United States Code.

///

6. This Court has personal jurisdiction over Defendants because Defendants have done and continue to do business in this District, including but not limited to entering into contracts with entities in this District and offering their services throughout this District.

7. This Court also has personal jurisdiction over Defendant Travix because Defendant Travix is headquartered in this district.

8. Pursuant to 28 U.S.C. § 1391 and 1400(a), venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial District and because Defendants reside or are found within this District within the meaning of 28 U.S.C. Section 1400(a).

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil L.R. 3-2(c) and General Order No. 44, this case is properly assigned to any division of this Court, except that pursuant to Civil Local Rules 3-2(g) and 73-1, Plaintiff does not consent to assignment to a Magistrate Judge residing in the Eureka Division.

**THE PARTIES**

10. Plaintiff, The Wave Studio, LLC, is a limited liability company organized under the laws of the State of New York, with its principal place of business at One Barker Avenue, #542, White Plains, New York 10601. Plaintiff is a business entity operated by photographer Junior Lee, a Malaysian citizen currently domiciled in Singapore. Ms. Lee creates marketing materials for businesses worldwide using her original works, but retains ownership of all rights, title, and interest in and to all artistic works used therein. The Wave Studio, LLC was formed to hold, manage, and control the U.S. intellectual property rights to said works, including, but not limited to, several U.S. copyright registrations.

11. Upon information and belief, Defendant British Airways is a foreign business corporation registered in the State of New York, with its principal place of business at 2 Park Ave., Suite 1100, New York, New York 10016. Upon information and belief, Defendant British Airways itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain name britishairways.com. Upon information and belief, during all relevant time periods, Defendant British Airways and/or its related or affiliated

companies regularly transacted or solicited business in this district through, *inter alia*, a website resolving to britishairways.com.

12. Upon information and belief, Defendant Hotels Combined is a foreign business corporation licensed to do business in Delaware through its agent Valis Group, Inc., located at 501 Silverside Road, Suite 105, Wilmington, Delaware, 19809. Upon information and belief, Defendant Hotels Combined, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain names hotelscombined.com, 7ojozat.com, amazebuy.com, booking.us.org, bookingadvisor.com, competehotel.com, brands.datahc.com, discounthotelcompare.com, easyhotelprice.com, exelentia.com, findexclusivehotels.com, gootels.com, hotel-discount.com, hotel.net, hotel2k.com, hotelbookingadvisor.com, hotelbookingsg.com, hotelchatter.com, hotelcomparerate.com, hoteldiscountbooking.com, hotelika.com, hotelium.com, hoteloogle.com, best-hotel-bookings.com, visitbritain.com, hotelstravel.com, hoteltout.com, intelligent-booking.com, momondo.com, mrhotelfinder.com, pulphotel.com, rome2rio.com, rrrooms.com, securehotelbooking.com, skyscanner.com, travbuddy.com, travel-allin1.com, travelhotelbooking.net, worldhotelsdeal.com, and smartertravel.com.  Upon information and belief, during all relevant time periods, Defendant Hotels Combined and/or its related or affiliated companies regularly transacted or solicited business in this district through, *inter alia*, websites resolving to hotelscombined.com, 7ojozat.com, amazebuy.com, booking.us.org, bookingadvisor.com, competehotel.com, brands.datahc.com, discounthotelcompare.com, easyhotelprice.com, exelentia.com, findexclusivehotels.com, gootels.com, hotel-discount.com, hotel.net, hotel2k.com, hotelbookingadvisor.com, hotelbookingsg.com, hotelchatter.com, hotelcomparerate.com, hoteldiscountbooking.com, hotelika.com, hotelium.com, hoteloogle.com, best-hotel-bookings.com, visitbritain.com, hotelstravel.com, hoteltout.com, intelligent-booking.com, momondo.com, mrhotelfinder.com, pulphotel.com, rome2rio.com, rrrooms.com, securehotelbooking.com, skyscanner.com, travbuddy.com, travel-allin1.com, travelhotelbooking.net, worldhotelsdeal.com, and smartertravel.com.

/ / /

13. Upon information and belief, Defendant Swiss is a foreign business corporation registered in the State of California, with its principal place of business at 818 West Seventh Street, 2nd Floor, Los Angeles, California 90017. Upon information and belief, Defendant Swiss, itself or through affiliated entities, owns and uses, and/or has owned and used, at least the domain name swiss.com. Upon information and belief, during all relevant time periods, Defendant Swiss and/or its related or affiliated companies regularly transacted or solicited business in this district through, *inter alia*, website resolving to booking.swiss.com.

14. Upon information and belief, Defendant Travix is a Georgia corporation with its principal place of business at 333 W. Santa Clara St., Suite 800, San Jose, California 95113. Upon information and belief, Defendant Travix itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain name vayama.com Upon information and belief, during all relevant time periods, Defendant Travix and/or its related or affiliated companies regularly transacted or solicited business in this district through, *inter alia*, a website resolving to vayama.com.

15. Upon information and belief, Defendant VisitUSA is a Utah limited liability company, with its principal place of business at 1021 Dowington Ave., Salt Lake City, Utah 84105. Upon information and belief, Defendant VisitUSA, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain name travelaffiliatepro.com. Upon information and belief, during all relevant time periods, Defendant VisitUSA and/or its related or affiliated companies regularly transacted or solicited business in this district through, *inter alia*, website resolving to travelaffiliatepro.com.

16. The true names and capacities, whether individual, corporate, or otherwise, of Defendants Does 1 through 100 are presently unknown to Plaintiff, who, therefore, sues them by such fictitious names. Plaintiff expects, but is presently without information sufficient to confirm, that one or more of Defendants distributed Plaintiff's photographs to third parties without Plaintiff's authorization and/or otherwise infringed upon Plaintiff's copyright rights to the works of art at issue in this case, infringing those copyright rights. At such time as Plaintiff ascertains the identity and nature of any such third parties, Plaintiff will seek leave of Court to amend this Complaint

1  accordingly.  On information and belief, Plaintiff alleges that each of Does 1 through 100 was the
2  agent, representative, or employee of each of the other Defendants and was acting at all times
3  within the scope of his, her, or its agency or representative capacity, and that each of Does 1
4  through 100 are liable to Plaintiff in connection with the claims sued upon here and are responsible
5  in some manner for the wrongful acts and conduct alleged here.

**FACTUAL BACKGROUND**

7.   17.   Over her more than 20 year career, Junior Lee has established a widely successful
business in travel and hotel photography worldwide.  She has photographed numerous storied
properties, including The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi
Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam),
The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia),
The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The
Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian
Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai
Club Jimbaran (Bali), The Lalu Sun Moon Lake (Taiwan), Langsuan Apartment Bangkok
(Thailand), Seah St. Apartment (Singapore), GHM Boutique Products (Singapore), The Fullerton
Hotel (Singapore), La Pari-Pari Hotel Langkawi (Malaysia), and Four Seasons Great Exuma
(Bahamas).  Her photographs are highly sought after works of art that businesses worldwide
routinely display in the course of promoting their facilities, custom, and trade.  Her photographs of
The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An, The Chedi Club Ubud, The Chedi
Chiang Mai, The Chedi Phuket, The Leela Goa, The Carcosa Seri Negara Kuala Lumpur, The Club
at The Legian Seminyak, The Andaman Langkawi, The Saujana Kuala Lumpur, The Lalu Sun
Moon Lake, and The Datai Langkawi (the "Hotel Photographs") are at issue in this matter.

   18.   Ms. Lee's photography business is promotional in nature. Generally, Ms. Lee is
contracted by her clientele to photograph certain items, personnel, sites, or facilities, modify the
images as necessary, and deliver the final product to her clientele for approval.  Ms. Lee is usually
compensated via the client's purchase of marketing materials that incorporate her photographs.  In
other words, the client purchases the marketing materials designed and manufactured by Ms. Lee,

inclusive of a limited license to distribute the marketing materials created by Ms. Lee. The client does not purchase the underlying photographs.

19. Ms. Lee specifically reserves all rights to her works that are not otherwise purchased by her clientele. One of the rights she reserves is the ownership of the photographs, including the copyright in and to the same.

20. Ms. Lee, through various business entities (including, but not limited to, Wave-s, The Wave Pte. Ltd. and The Wave Design Pte. Ltd.), obtained copyright registrations from the United States Copyright Office for the Hotel Photographs (collectively and individually, "Copyrighted Works"). True and correct copies of registration certificates for the Copyrighted Works are attached hereto as **Exhibit 1**. These copyright registrations are identified in the following chart:

| **Registration Number** | **Title of Work** |
| --- | --- |
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-S photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte, Ltd. Photographs 2005 (B) |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |
| VA 1-433-816 | Wave-s Photographs 2002 (C) |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |

| Registration Number | Title of Work |
|---|---|
| VA 1-824-376 | The Wave Design Pte. Ltd. – datai105 |
| VA 1-825-249 | The Wave Design Pte. Ltd. – detai104 |
| VA 1-825-264 | The Wave Design Pte Ltd. - andaman067 |
| VA 1-825-429 | Wave-s Photographs 2004 (D)-chediclub141 |
| VA 1-825-431 | Wave-s Photographs 2004 (C) – legian122 |
| VA 1-829-021 | The Wave Design Pte. Ltd. – andaman068 |
| VA 1-842-228 | The Wave Design Pte. Ltd. – bkk018 – bkk025 |
| VA 1-842-230 | Wave-s Photographs 2004 – chiangmai239 |
| VA 1-857-706 | Wave-S Photographs 2002 – lalu159 |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai804 – setai958; setai960 – setai179 |
| VAu 1-057-927 | The Wave Pte. Ltd. unpublished setai182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183; 0184 |
| VAu 1-060-182 | Wave-s unpublished setai959 |
| VAu 1-110-867 | The Wave Design Pte. Ltd. – Unpublished Photograph setai1180 |
| VAu 1-144-751 | The Wave Design Pte. Ltd. – Unpublished setai1181 |

21.   On November 11, 2011, the authors of the Copyrighted Works, by and through Ms. Lee, assigned all right, title and interest in and to the Copyrighted Works to Plaintiff.

/ / /

22. Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the Copyrighted Works to Defendants or otherwise dedicated them to the public.

23. Defendants did not seek, nor have they ever sought, Plaintiff or Junior Lee's permission to utilize the Hotel Photographs.

24. Despite having no permission, consent, or license to do so from Plaintiff, Defendants have used and continue to use the Hotel Photographs in violation of Plaintiff's exclusive rights as a copyright owner, and have not compensated Plaintiff for such use.

25. Upon information and belief, the Hotel Photographs that are the subject of the Copyrighted Works have been seen and continue to be seen by thousands of users in the United States and worldwide on a daily basis.

26. Upon information and belief, Defendants have utilized the Hotel Photographs for purposes of trade, including promoting and advertising the bookings to the boutique and high-end hotels featured in those Copyrighted Works, thus realizing significant revenue, all without Plaintiff's authorization.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

### (17 U.S.C. § 101 *et seq.*)

27. Plaintiff repeats and realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 above.

28. Defendants have directly infringed Plaintiff's Hotel Photographs that are the subject of the Copyrighted Works by reproducing, displaying, and/or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 *et seq*.

29. Defendants copied Plaintiff's entire images for their own personal commercial gain. Moreover, Defendants' use of the Hotel Photographs is for the exact same purpose as Plaintiff's intended use: to promote and market hotel properties and destination locations. Thus, there is no added benefit to the public from having Defendants display Plaintiff's Hotel Photographs.

30. Specifically, without authorization or consent, Defendants have reproduced, displayed, and/or distributed at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-

324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-816, VA 1-758-524, VA 1-765-854, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021, VA 1-842-228, VA 1-842-230, VA 1-857-706, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, and VAu 1-144-751.

31. Defendants' infringement of Plaintiff's rights in and to each of the Hotel Photographs that are the subject of the Copyrighted Works constitutes a separate and distinct act of infringement.

32. Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

33. Defendants' conduct was willful within the meaning of the Copyright Act.

34. Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from the Defendants' conduct.

35. Because of the willful nature of the Defendants' conduct, Plaintiff is entitled to, at its election, an award of statutory damages for each instance of copyright infringement by Defendants, in lieu of recovery of exemplary damages, as well as attorneys' fees, and all associated costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

1. That Defendants have infringed, directly or indirectly, Plaintiff's rights in the Copyrighted Works;

2. For entry of preliminary and permanent injunctions providing that Defendants and their officers, agents, servants, and those persons in active concert or participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

3. For entry of preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites and/or immediately seek a license from Plaintiff for their use;

4. For Plaintiff's damages and Defendant's profits in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. 504(c);

5. For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505;

6. For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

DATED: March 23, 2015            COBALT LLP

By:   /s/ Vijay K. Toke
         Vijay K. Toke

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

## JURY DEMAND

The Wave Studio, LLC respectfully requests a jury trial on all issues triable thereby.

DATED: March 23, 2015            COBALT LLP

By:   /s/ Vijay K. Toke
         Vijay K. Toke

Attorneys for Plaintiff
THE WAVE STUDIO, LLC