NATE A. GARHART (CA Bar No. 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (CA Bar No. 215079)
(vijay@cobaltlaw.com)

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DISTRICT**

THE WAVE STUDIO, LLC, a New York Limited Liability Company,

Plaintiff,

v.

BRITISH AIRWAYS PLC, a United Kingdom Corporation, HOTELS COMBINED LLC, an Australian Corporation, SWISS INTERNATIONAL AIR LINES LTD., a Switzerland Corporation d/b/a SWISS, TRAVIX TRAVEL USA INC., a Georgia Corporation, VISITUSA LLC, a Utah Limited Liability Company, and DOES 1-100,

Defendants.

Case No.: 5:15-cv-01341-LHK

**PLAINTIFF THE WAVE STUDIO, LLC'S OPPOSITION TO DEFENDANT VISITUSA LLC'S MOTION TO DISMISS**

Hearing: Motion to Dismiss
Date: October 8, 2015
Time: 1:30 PM
Dept.: Courtroom 8

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Though styled as a motion to dismiss under Rule 12(b)(2), Defendant VisitUSA LLC's ("VisitUSA") motion is anything but. Like so many accused infringers before them, Defendants would like to skip the pleadings stage and try the case before Plaintiff has had the opportunity to gather any evidence. Defendant's argument that the court lacks jurisdiction over it is baseless. Defendant ignores the plain allegations of the complaint that establish jurisdiction over it. Defendant also fails to identify in what way the *pleadings* themselves are inadequate, preferring

instead to jump straight to inadmissible extrinsic evidence in an effort to argue, prematurely, that either this Court cannot exercise personal jurisdiction over Defendant, or that the complaint has not named the correct party. The evidence submitted with this opposition, which formed the basis of Plaintiff's allegations in the complaint, clearly show that Plaintiff's allegations have a basis in fact that withstands a Rule 12 motion.

Defendant's motion should be denied.

## II. FACTUAL BACKGROUND

Plaintiff relies on the relevant facts as alleged in Plaintiff's Complaint to support its claims. Below are some of the most salient facts alleged in the complaint.

Plaintiff is the copyright owner of photographic works created by one of its members, Junior Lee, which were ultimately assigned to Plaintiff. (Complaint, Dkt 1, at ¶¶ 1, 21) Those works are the subject of copyright registrations with the United States Copyright Office. (Complaint, Dkt 1, at ¶ 20) Ms. Lee was commissioned to create marketing materials for various hotels managed by a company called General Hotel Management. As part of those projects, she took photographs of the various properties in order to provide the ordered marketing materials. (Complaint, Dkt 1, at ¶ 18, 19)

Defendant VisitUSA displayed Plaintiff's photographs without Plaintiff's permission on at least one website belonging to it, travelaffiliatepro.com. (Complaint, Dkt 1, at ¶ 15; see also Exhibit A to Toke Decl. filed and served herewith). At no point did Plaintiff assign, license, or otherwise transfer any interest in and to its photographs to Defendant or otherwise dedicate them to the public. (Complaint, Dkt 1, at ¶ 22) Nor did VisitUSA ever seek Plaintiff's permission to utilize its photographs on any website owned by VisitUSA. (Complaint, Dkt 1, at ¶ 23)

Travelaffiliatepro.com appears to be a website that was owned at some point by Mr. Urmann, who attempts to represent VisitUSA for the purposes of this motion and claims to be VisitUSA's sole member. [1] (See Exhibit A to Toke Decl.; see also Motion to Dismiss, Dkt 1, pg 1)

---

[1] Plaintiff submits various documents from social media and the Internet to support its assertion that it can gather evidence to establish personal jurisdiction over Defendants. Plaintiff asks this Court to take judicial notice of these documents, not for the truth of any matters asserted within them, but for the narrow purpose that they exist, suggesting

Similarly, VisitUSA appears to own quickbooking.com and lists Mr. Urmann as the administrative contact for the domain.[2] (See Exhibit B to Toke Decl.) Defendant infringed Plaintiff's copyrights in its photographs by displaying such photographs on the travelaffiliatepro.com and quickbooking.com websites without Plaintiff's authorization. (See Exhibits C and D to Toke Decl.) The travelaffiliatepro.com website specifically states the owner of the copyright to the travelaffiliatepro.com website is Quickbooking.com, which is a division of VisitUSA. (See Toke Decl. ¶4; see also Exhibit C to Toke Decl.) Further, the www.quickbooking.com About Us specifically states that it is associated with visitusa.com and reservation.travelaffiliatepro.com, all websites that Defendant VisitUSA claims it owns. (See Exhibit E to Toke Decl.) VisitUSA is also listed at the bottom of both the reservation.travelaffiliatepro.com and quickbooking.com websites as the owner of Quickbooking.com, which purports to be the owner of the copyright to both websites. (See Toke Decl. ¶¶4 and 5; see also Exhibits C and D to Toke Decl.) The travelaffiliatepro.com website also indicates in a PDF document downloadable from the website that VisitUSA, founded in the U.S. in 1998, has various websites that offer travel-related information and services, such as travelaffiliatepro.com and quickbooking.com. (See Toke Decl. ¶7; see also Exhibit F to Toke Decl.)

## III. ARGUMENT

### A. DEFENDANT'S MOTION SHOULD BE DENIED, OR AT LEAST STAYED, PENDING ITS HIRING OF COUNSEL SINCE A CORPORATION MAY NOT BE REPRESENT ITSELF IN LITIGATION

In federal courts, only an individual may represent himself; corporations must hire licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 211(1993); *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Here, David Urmann, the sole member of Defendant VisitUSA LLC ("VisitUSA"), files the instant motion "acting pro se" for VisitUSA. Mr. Urmann is not an attorney, nor is he licensed in the State

---

that Plaintiff, if given the opportunity, would be able to gather sufficient evidence to establish personal jurisdiction. Such is a proper subject and extent of judicial notice where jurisdiction is challenged. *Doe*, 248 F.3d at 922.

[2] Plaintiff admits that the Complaint does not include any allegation regarding quickbooking.com. However, Plaintiff can amend the Complaint to allege infringement by Defendant on its quickbooking.com website. Plaintiff requests such leave to amend the complaint to add allegations regarding the infringement on quickbooking.com.

of California to practice law. Therefore, he may not represent Defendant in this action. The filing of this motion is improper and should be denied, or at least stayed, without prejudice on this basis alone until Defendant VisitUSA hires properly licensed counsel.

**B. DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(2) SHOULD BE DENIED**

**1.** The Court Has Specific Jurisdiction Over Defendants.

A plaintiff is required to make only a *prima facie* showing of jurisdictional facts to withstand a motion to dismiss, and upon such a showing, a court may not dismiss for lack of personal jurisdiction absent a full evidentiary hearing on the merits. *Bauman v. DaimlerChrysler Corp*., 644 F.3d 909, 919 (9th Cir. 2011). Therefore, Plaintiff "need only demonstrate facts that *if true* would support jurisdiction over the defendant." *Doe v. Unocal Corp*., 248 F.3d 915, 922 (9th Cir. 2001) (*per curiam*) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995))(emphasis added). Plaintiff's Complaint easily satisfies this requirement.

In determining whether Plaintiff has met its *prima facie* burden, uncontroverted allegations in the complaint must be taken as true, disputes of fact must be resolved in Plaintiff's favor, and any evidentiary materials submitted on the motion must be construed in the light most favorable to Plaintiff. *Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1187 (9th Cir. 2002) (internal quotations and citations omitted); *Metro. Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990).

Specific jurisdiction exists where there are sufficient minimum contacts with the forum state such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has developed a three-part test for specific jurisdiction: (1) The non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and

substantial justice, *i.e*. it must be reasonable. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff establishes the first two prongs of the test, the burden shifts to the defendant to make a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

In cases involving tortious conduct like intellectual property infringement, the Ninth Circuit focuses on the "purposeful direction" portion of the first prong of the test for specific jurisdiction. *Best Odds Corp. v. iBus Media Ltd.*, No. 13-cv-02008-RJC-VFC, 2014 WL 2527145 at *6 (D. Nev. June 4, 2014). Courts analyze purposeful direction using the "*Calder*-effects" test, under which the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (internal citations omitted).

a. Plaintiff has pled facts sufficient to establish the Court's jurisdiction over Defendant

Plaintiff has alleged that Defendant is "transacted or solicited business in this district through, inter alia, website resolving to travelaffiliatepro.com" (Complaint, Dkt 1, ¶ 15). Specifically, Plaintiff alleges Defendant willfully infringed various photographs subject to Plaintiff's copyright rights reflected in the copyright registrations it owns. (Complaint, Dkt 1, at ¶¶ 15, 28, 29, 29, 30, 31, 32, 33). Plaintiff has therefore adequately alleged that Defendant committed several intentional acts in this District.

Plaintiff further alleges that Defendant's conduct, which forms the basis of its copyright infringement claims, "has occurred and continues to occur within this District," and that "a substantial part of the relevant events" in the Complaint—including infringement of Plaintiff's copyright rights—occurred in this District. (Complaint, Dkt 1, at ¶¶ 4 to 8). Once again, Plaintiff's documents submitted with this opposition support these allegations. VisitUSA or its sole member appear to own the websites travelaffiliatepro.com and quickbooking.com, from which users anywhere can book hotel rooms, and on which VisitUSA displayed Plaintiff's photographs without authorization. Plaintiff also alleges that the copyright infringement in this District was willful"

/ / /

Complaint at ¶ 33. Accordingly, Plaintiff has alleged sufficient facts that its claims arise out of Defendant's activities in the forum.

Finally, Plaintiff has also alleged specific facts to make out a *prima facie* case under the *Calder*-effects test that Defendants' intentional acts caused harm Defendants knew was likely to be suffered in the forum state. This Court recently held that this "foreseeability" element "may be established even if 'the bulk of the harm' occurs outside the forum." *See Boyd Gaming Corp. v. B Hotel Group, LLC*, No. 2:13-cv-00981-GMN-CWH, 2014 U.S. Dist. LEXIS 20459, *10-11 (D. Nev. Feb. 18, 2014) (quoting *Brayton*, 606 F.3d at 1131 (internal quotations omitted). This Court went on to hold that the harm caused by the *Boyd Gaming* defendant's intentional infringement of the plaintiff's intellectual property (there, a trademark) was foreseeable, just as it was foreseeable that such harm would be inflicted in Nevada where the infringement took place. *Id.* Here, as in *Boyd Gaming*, the harm caused by Defendant's intentional infringement of Plaintiff's copyright rights in this District was likewise foreseeable.

Plaintiff's evidence submitted with this opposition establishes that Defendant operates at least two highly interactive websites accessible in this District through which anyone can book hotel rooms. While a "passive" website may be insufficient for establishing *general* jurisdiction, Defendant's highly interactive websites are strong evidence that Defendant expressly aimed its activities toward this District. *See NetApp, Inc. v. Nimble Storage*, 2014 U.S. Dist. LEXIS 65818, *20-21 (N.D. Cal. May 12, 2014) (finding a highly interactive website sufficient to show express aiming at the forum and noting that *Pfister* was addressing general jurisdiction and does not foreclose specific jurisdiction based on a highly interactive website).

Indeed, the Ninth Circuit, in a case with indistinguishable facts, has already held that an interactive website is sufficient to confer personal jurisdiction over a foreign defendant in a copyright infringement lawsuit over infringing photographs displayed on the website. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011).

In *Mavrix*, the Plaintiff, a Florida-based owner of copyrighted photographs sued an Ohio-based website owner for copyright infringement in the Central District of California. *Id*. at 1221-23. The defendant filed a successful motion to dismiss, which the Ninth Circuit reversed. The

Ninth Circuit specifically noted that placing the infringing photographs on its website was an intentional act that was expressly aimed at the forum state (California) because its interactive website, equally accessible anywhere in the U.S., sought to exploit the California market for its commercial gain. *Id*. at 1229.

Defendant's websites are the same. The websites are accessible by anyone in the United States. They offer services to anyone in the United States seeking to find and book hotels. That includes Californians. Under *Mavrix*, Defendant's websites are sufficient to support the exercise of personal jurisdiction over it for copyright infringement of photos on its website.

In contrast, Defendant makes the unsupported statement that it has never provided *content* for the domain name travelaffiliatepro.com. (Motion to Dismiss, Dkt. 19, pg. 1) Neither is that relevant for the purposes of copyright infringement—the infringing photographs were displayed without Plaintiff's authorization at that website (and quickbooking.com), which constitutes copyright infringement regardless of the source of the content—nor it does not speak to personal jurisdiction, the basis for Defendant's motion. Defendant's subsequent statement that Plaintiff may have confused travelaffiliatepro.com with another website, visitusa.com, that is not affiliated with VisitUSA LLC, is likewise irrelevant to the question of personal jurisdiction. (Motion to Dismiss, Dkt. 19, pg. 2) Moreover, this statement by Defendant is disingenuous at best, as the evidence submitted by Plaintiff with this opposition indicates that visitusa.com is also owned by or is somehow affiliated with Defendant VisitUSA LLC. Therefore, these statements by Defendant should be seen for what they are: improper attempts to avoid liability with a shell game of entities and websites owned or operated by the same person. In addition to being evasive, Defendant's evidence does nothing to undermine the exercise of personal jurisdiction over it.

Having satisfied the first two prongs of the Ninth Circuit's test for specific jurisdiction, the burden now shifts to Defendant to establish a "compelling case" that the exercise of jurisdiction is not "reasonable." *Boschetto*, 539 F.3d at 1016. For the reasons discussed herein, Defendants have not, and cannot, meet this burden.

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss should be denied in its entirety.

DATED: June 30, 2015

COBALT LLP

By: /s/ Vijay K. Toke
Vijay K. Toke

Attorneys for Plaintiff
THE WAVE STUDIO, LLC